I dissent from that part of the majority opinion holding that the excusing of potential jurors in this case by the circuit clerk's office violates Amendment 5 of the Bill of Rights of the United States Constitution. I do not agree that this practice amounts to a violation of the constitutional guarantee of due process.
While I agree that the Alabama Code allows only a judge or a court official designated by the judge to excuse potential jurors, see § 12-16-63, -74, and -145, Code of Alabama 1975, I do not agree that a violation of these statutes will always result in reversible error, and I dissent from that portion of the majority opinion overruling Jackson v. State,640 So.2d 1025 (Ala.Crim.App. 1992), remanded on other grounds,640 So.2d at 1052 (Ala. 1993). In Jackson, this court held that the violation of the Alabama statutes concerning the excusing of potential jurors could be considered harmless error.
In this case, I believe that the actions of the circuit clerk's office in excusing the potential jurors constituted harmless error. The appellant was a white male. The circuit judge stated that she did not know of any jurors who were excused because they were black or female. The cases that have followed Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712,90 L.Ed.2d 69 (1986), Powers v. Ohio, 499 U.S. 400,111 S.Ct. 1364, *Page 1020 113 L.Ed.2d 411 (1991), Hernandez v. New York, 500 U.S. 352,111 S.Ct. 1859, 114 L.Ed.2d 395 (1991), Edmonson v. LeesvilleConcrete Co., 500 U.S. 614, 111 S.Ct. 2077, 114 L.Ed.2d 660
(1991), and Georgia v. McCollum, 505 U.S. 42, 112 S.Ct. 2348,120 L.Ed.2d 33 (1992), emphasized the juror's right not to beexcluded from jury service for discriminatory reasons. Here, we are dealing with the situation where the potential juror requests to be excluded from jury service for some reason. Defense counsel made no showing that the circuit clerk's office excused black or female jurors for certain reasons but refused to excuse white males for the same reasons, so that white males constitute a larger portion of the jury venire. Defense counsel has failed to demonstrate how the appellant was harmed by the clerk's office's excusing potential jurors in this case. The error in this case was harmless. Otherwise, I concur in the majority opinion.